Jack **GREER, et al., Appellants,**

v.

**WHITE OAK STATE BANK, Appellee.**

**No. 9147.**

Court of Appeals of Texas, Texarkana.

May 29, 1984.

Rehearing Denied June 26, 1984.

William M. Huffman, Marshall, Douglas S. Lang, Dallas, H.P. Smead, Jr., Longview, for appellants.

Stephen W. McDaniel, Gary Shaver, Longview, Arthur Blanchard, Dallas, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from a district court judgment in favor of the White Oak State Bank against the payee and two indorsers of a check paid by the bank before it was dishonored by the drawee bank. We reverse the judgment against the two indorsers because they were discharged from liability by the bank's failure to give timely notice of dishonor. We reform and affirm the judgment against the payee for a reduced recovery on the basis of unjust enrichment.

Jack Greer and Donald Biesel owned a bowling alley in Marshall. George Ford and Bowling and Billiard Supply of Dallas, Inc. (B & B), held outstanding liens on the alley and they, along with the owners, were named as beneficiaries of an insurance policy on the facility. The bowling complex burned and on July 15, 1981, the insurance company issued a check for $490,000.00 to Greer, Biesel, Ford and B & B. On July 24, 1981, Greer and Biesel indorsed the check and had Ford and B & B indorse it. Greer then wrote Ford a check for $99,-561.25 and B & B a check for $327,727.54 in

payment of their liens, and deposited the insurance check in his account at the White Oak State Bank. The bank gave Greer immediate credit rather than handling the check as a collection item. It developed that the insurance company was insolvent and the drawee bank dishonored the check. On August 3, 1981, the White Oak State Bank was notified by a telephone call from its clearing house, First National Bank in Dallas, that they were returning the check. The telephone message gave the amount of the check, the date it passed through the White Oak State Bank, and the names of two of the indorsers: Greer and Biesel. The bank did not receive written notice of dishonor until August 13, 1981, and did not notify the indorsers until August 14. The bank paid out $68,849.26 after August 3, 1981, from Greer's account, based on the credit to his account of the $490,000.00 represented by the insurance check. On March 18, 1982, the bank debited Greer's account $27,488.59 as a commercial offset.

White Oak State Bank brought suit against Greer, Biesel, Ford and B & B as payees and indorsers of the check. Biesel failed to file an answer and was not represented by counsel. No judgment was entered against him. Greer, Ford and B & B denied liability as indorsers because of the bank's failure to promptly notify them of the dishonor. Seventeen of the eighteen special issues were answered in favor of Greer, Ford, Biesel and B & B, but Greer was found to have been unjustly enriched by payment of the check. The trial court disregarded the jury answers to four special issues and entered judgment against Greer, Ford and B & B for $363,464.84, together with interest, costs and attorney's fees.

Tex.Bus. & Com.Code Ann. §§ 3.501, 3.508, 3.502 (Vernon 1968), respectively, provide that unless excused, notice of dishonor is necessary to charge any indorser of an item; notice must be given by a bank before its midnight deadline (the next banking day after the banking day it received the item [1]); and that any unexcused delay in giving notice of dishonor discharges any indorser. The bank argues that these code provisions do not apply to Greer, Ford and B & B because (1) oral notice of dishonor is not effective and the indorsers were promptly notified after the bank received written notice of the check's dishonor on August 14, 1981, and (2) the telephone notice from the bank in Dallas did not specify that Ford and B & B were indorsers, so in any event it did not receive notice of dishonor *as to them* until August 13, 1981. We cannot agree with either of these propositions.

Section 3.508 expressly provides that notice of dishonor may be oral. *See Clements v. Central Bank of Georgia*, 155 Ga.App. 27, 270 S.E.2d 194 (1980); *Laurel Bank and Trust Co. v. Sahadi*, 32 Conn. Sup. 172, 345 A.2d 53 (1975); *Security Trust Co. of N.Y. v. First Nat'l Bank*, 79 Misc.2d 523, 358 N.Y.S.2d 943 (1974). The bank contends that Section 4.202(a) [2] of Tex.Bus. & Com.Code Ann. (Vernon 1968), supersedes Section 3.508 with respect to notice from a collecting bank, and because that section refers to "sending" notice of dishonor, only a written notice is contemplated. We disagree. The adequacy of oral notice is confirmed by Section 4.104(c) which specifically makes the notice of dishonor provisions of Section 3.508 applicable to transactions under Chapter 4. Moreover, the jury found upon sufficient evi-

---

1. See Tex.Bus. & Com.Code Ann. § 4.104(a)(8) (Vernon 1968)

2. (a) A collecting bank must use ordinary care in
   (1) presenting an item or sending it for presentment; and
   (2) sending notice of dishonor or non-payment or returning an item other than a documentary draft to the bank's transferor or directly to the depositary bank under Subsec-

tion (b) of Section 4.212 after learning that the item has not been paid or accepted, as the case may be; and
   (3) settling for an item when the bank receives final settlement; and
   (4) making or providing for any necessary protest; and
   (5) notifying its transferor of any loss or delay in transit within a reasonable time after discovery thereof.

dence that White Oak State Bank and the First National Bank in Dallas had agreed prior to August 3, 1981, that notice of returned items could be sent by telephone. The requirements of Chapter 4 may be modified by agreement. Tex.Bus. & Com. Code Ann. § 4.103(a); *Security Bank & Trust Co. v. Federal Nat'l Bank & Trust Co. of Cheyenne,* 554 P.2d 119 (Okla.Ct. App.1976).

■ The failure of the telephone notice to name Ford and B & B as indorsers did not render the notice ineffective as to them. Section 3.502(a)(1) provides that if notice of dishonor is not given when due, *any* indorser is discharged. Delay in giving notice may be excused when a party does not know it is due or when the delay is caused by circumstances beyond his control. Tex.Bus. & Com.Code Ann. § 3.511(a) (Vernon 1968). But there was no jury finding here that any circumstance existed which would excuse the Bank from notifying Ford and B & B. In fact, the employee who received the telephone notice testified that the information she received was sufficient to enable her to identify the check and all parties to it.

As indicated, Greer, Ford and B & B were all discharged, *as indorsers,* from any obligation on the check. Greer, however, was also a *customer* of the bank, and a recovery against him on a cause of action for money had and received, or unjust enrichment, was proper under the jury findings.

■ When a bank provisionally settles with its customer, and by reason of a dishonor of the item fails to receive the funds, it may revoke its settlement and charge the item back or obtain a refund from its customer. Tex.Bus. & Com.Code Ann. § 4.212(a) (Vernon 1968). Greer contends this remedy is exclusive and prohibits a recovery against him on equitable principles. But subparagraph (e) of Section 4.212 provides that a failure to charge back or claim a refund does not affect other rights of the bank against the customer, and Section 1.103 provides that unless displaced by other provisions of the code the

principles of law and equity shall supplement its provisions. Hence, the equitable right of restitution is still available unless it conflicts with code provisions. *Bryan v. Citizens Nat'l Bank in Abilene,* 628 S.W.2d 761 (Tex.1982); *Pacific Products, Inc. v. Great Western Plywood, Ltd.,* 528 S.W.2d 286 (Tex.Civ.App.-Fort Worth 1975, no writ); *Acoustical Screens In Color, Inc. v. T.C. Lordan Co.,* 524 S.W.2d 346 (Tex.Civ.App.-Dallas 1975, writ ref'd n.r.e.); *First Nat'l Bank of Mineola v. Farmers & Merchants State Bank of Athens, Texas,* 417 S.W.2d 317 (Tex.Civ.App.-Tyler 1967, writ ref'd n.r.e.). We find no provision of the code which conflicts with or abrogates the equitable right of a bank to proceed against its *customer* for restitution of funds which rightfully belong to the bank.

■ An action for money had and received is not grounded upon wrongdoing, but looks to the simple justice of the case and inquires whether the defendant has received money which rightfully belongs to the plaintiff. *Staats v. Miller,* 150 Tex. 581, 243 S.W.2d 686, 687 (1951); *Acoustical Screens In Color, Inc. v. T.C. Lordan Co.,* supra. A recovery will not be allowed when the recipient of the funds has materially changed his position in reliance on the payment. *Bryan v. Citizens Nat'l Bank in Abilene,* supra. Greer, however, delivered his checks to Ford and B & B before he presented the insurance company check to the bank for deposit, and the checks were given to pay liens he was legally obligated to pay in any event. The necessary reliance and change of position are not shown in these circumstances. The fact that Greer no longer has the specific funds does not amount to a change of position. *Pickett v. Republic Nat'l Bank of Dallas,* 619 S.W.2d 399 (Tex.1981). We find the bank's pleadings and evidence sufficient to support a recovery on the basis of unjust enrichment.

■ We fail to find reversible error in the court's refusal to give Greer's requested jury instruction to the effect that unjust enrichment does not exist where money is

**330**

paid with full knowledge of the facts. There was no evidence that the bank had notice of the insurance company's insolvency or the check's dishonor prior to August 3, 1981. The jury found, however, that the bank was negligent in paying four checks amounting to $68,849.26 after it had notice of the insurance check's dishonor. Consequently, the bank's recovery should have been reduced by that amount. Money voluntarily paid with full knowledge of the facts and without fraud or duress cannot be recovered, although it was paid upon a void demand or a claim without foundation. *Pennell v. United Ins. Co.*, 150 Tex. 541, 243 S.W.2d 572 (1951); *Burnett v. Masonic Grand Chapter Order of the E. Star*, 369 S.W.2d 513 (Tex.Civ.App.-Fort Worth 1963, no writ); *Ward v. Tadlock*, 183 S.W.2d 739 (Tex.Civ.App.—Fort Worth 1944, no writ), 6 Tex.Jur.2d, *Assumpsit* § 6 (1959).

The judgment against Ford and B & B is reversed and judgment is rendered that the White Oak State Bank take nothing against them. The judgment against Greer is reformed to reduce the recovery by $68,-849.26, and as reformed is affirmed.