**CITY OF CORPUS CHRISTI,**
Appellant,

v.

**S.S. SMITH & SONS MASONRY, INC.,**
a Texas Corporation, Appellee.

No. 13–86–442–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.
Rehearing Denied Sept. 24, 1987.

Carol Estes Bray, Corpus Christi, for appellant.

Robert L. Ramey, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

S.S. Smith and Sons Masonry, Incorporated, brought suit as a subcontractor against appellant, City of Corpus Christi, as owner, La-Man Constructors, Incorporated, as prime contractor, and Royal Indemity Company, as surety on La-Man's payment bond, in connection with a construction project on a public recreation facility.

This suit arose out of a construction contract between La Man and the City for the improvement and expansion of the Meadow Park Recreation Center, owned by the City.[1] La-Man filed for bankruptcy and was dismissed from the suit. Royal Indemnity Company is not before this Court as a party. A partial summary judgment was entered by the trial court denying appellee's causes of action for violation of a statutory duty relating to approving the general contractor's surety payment bond as to form, for negligent violation of an assumed duty relating to insuring that the general contractor submitted a payment bond from an insurance company licensed in Texas, for taking or damaging, and for common law fraud. Appellee does not appeal the granting of the partial summary judgment against it. The case was tried before a jury on the theories of quantum meruit and unjust enrichment. Those issues were answered favorably to the appel-

lee. The trial judge accordingly granted judgment for appellee for $11,720.00 plus attorney's fees of $1,275.00.

In its first point of error, the City asserts the trial court erred in rendering judgment against it on the quantum meruit action. Specifically, the City claims that there was no evidence or, alternatively, insufficient evidence to support the required element that appellee rendered services under such circumstances as reasonably notified the City that appellee was expecting to be paid by the City.

The necessary elements for recovery under quantum meruit are: (1) valuable services or materials were furnished; (2) for the person sought to be charged; (3) these services and materials were accepted, used and enjoyed by the person sought to be charged; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged. *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *see also Crockett v. Brady*, 455 S.W.2d 807, 808 (Tex.Civ.App.—Austin 1970, no writ); *Crockett v. Sampson*, 439 S.W.2d 355, 358 (Tex.Civ.App.—Austin 1969, no writ).

There is no question that the facts of this case satisfy the first three elements of an action for quantum meruit. The issue is whether the evidence heard by the jury shows that appellee rendered services and materials under such circumstances as to reasonably notify the City that Smith expected to be paid by the City. Appellee argues that this element is established by undisputed evidence that the City knew appellee was not an "approved" subcontractor on the job in question because it never approved appellee's subcontract with the prime contractor.

In reviewing the facts in considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-estab-

**1.** *See City of Corpus Christi v. Acme Mechanical Contractors, Inc.,* —— S.W.2d ——, Nos. 13–86–417–CV & 13–86–418–CV (Tex.App.—Corpus Christi, August 28, 1987, no writ) (not yet reported).

lished test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

James Lantos, Assistant City Manager, testified that the contract entered into between La-Man and the City contained a provision that no portion of the work covered by the contract specifications should be sublet without the City's permission. He also said that, as a rule, the City did not require prime contractors to get written permission to sublet portions of the work to subcontractors as provided by the contract between the City and La-Man. Section B–7–1 of the contract between the City and La-Man contained the following provision:

> If the contractor sublets any part of the work to be done under his contract, he will not under any circumstances be relieved of his responsibility and obligations.... Subcontractors will be considered only in the capacity of employees and/or workman.... The City will not recognize any subcontractor in the work.

Sidney Smith, owner of appellee company, testified that his company began its masonry work on the Meadow Park job around September 20, 1983. He became concerned around the 20th of October because he had not been paid. He called La-Man and told them that if he didn't get paid, he was going to call the City. He was then paid $4,680.00 by La-Man. Appellee completed the job at the end of October and billed La-Man for the material furnished and services rendered. There is no testimony that the City had any contact with appellee before completion of appellee's portion of the project.

This case is unlike *Prairie Valley Independent School District v. Sawyer*, 665 S.W.2d 606 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.), and *City of Ingleside v. Stewart*, 554 S.W.2d 939 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). In *City of Ingleside*, the city contracted with a general contractor to construct a public building. Despite the provisions of Tex. Rev.Civ.Stat.Ann. art. 5160, the city did not require a payment bond. The city eventually took over supervision of the job, because of problems with the general contractor. In *Ingleside*, the subcontractor was able to recover under a quantum merit theory because the subcontractor was able to sufficiently prove that the city stepped into the shoes of the general contractor and supervised and finished the job that the general contractor had begun.

Likewise, in *Prairie Valley Independent School District v. Sawyer*, the general contractor was not required to post a payment bond. The contractor abandoned the project. There was evidence that agents of the school district encouraged the subcontractors to continue working after the general contractor abandoned the project. There was also evidence that the school district's agent supervised the day-to-day work on the project. The appellate court upheld the finding that the school district was put on notice that the subcontractors expected it to pay for the services performed, thereby meeting the requirements for a quantum meruit recovery.

■ In this case, the City did require a bond. The evidence is also clear that Smith Masonry had fully completed its work before any payment problems had arisen. There was no evidence to show that the City was reasonably notified that the subcontractor was expecting to be paid by the City. We find unpersuasive appellee's argument that, because the City knew that appellee was not an approved subcontractor, it was therefore entitled to recovery under quantum meruit. This argument lends further credence to the City's position that the subcontractor had no prior dealing with the City which put the City on notice that the subcontractor was looking to the City for payment, because the City did not even formally sanction La-Man's subcontract with appellee. There is no evidence to support the fourth element of

appellee's quantum meruit theory. The City's first point of error is sustained.

By the City's ninth, tenth, twelfth and seventeenth points of error, it complains of the jury's finding that the City's retention of surplus money against appellees' claim for labor and materials incorporated into the Meadow Park Recreation Center constituted unjust enrichment.

Gerald Smith, City Engineer, testified at trial that the total contract price for the Meadow Park facility was $267,748.00. The City paid La-Man $167,521.00 before La-Man abandoned the job. The City then hired B & B Builders, which completed the job at a cost of $96,086.46. Smith testified that La-Man's request for payment on November 10, 1983 showed that 100% of the required masonry construction was in place. He also testified that the City had paid La-Man $18,000.00 for this work. Thereafter, La-Man abandoned the job. Smith also indicated that the City withheld $20,834.00 as retainage and an additional $20,000.00 for some cracked double T-beams on the project. After paying the second contractor, the remaining retainage was $17,000.00. Under the contract, the retainage was to be paid to the contractor. Smith also said that approximately $119,-000.00 worth of unpaid subcontractors' claims were still outstanding on the project.

■ An action for unjust enrichment will lie where one person has obtained money from another person by fraud, duress or taking an undue advantage. *Barrett v. Ferrell*, 550 S.W.2d 138 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). It is a fundamental premise that, for a person to be entitled to restitution, he must show not only that there was an unjust enrichment, but also that the person sought to be charged had wrongfully secured a benefit or had passively received one which it would have been unconscionable to retain. Unjust enrichment generally does not provide an independent basis for a cause of action. The phrase characterizes the result whereby one individual fails to make restitution of benefits under circumstances which give rise to an implied or quasi-contract. *La Chance v. Hollenbeck*, 695

S.W.2d 618, 620 (Tex.App.—Austin 1985, writ ref'd n.r.e.). Quasi-contractual liability for unjust enrichment is based upon the equitable principle that a person receiving benefits which were unjust for him to retain ought to make restitution. Unjust enrichment has also been considered some the courts to be synonymous with quantum meruit recovery. *See Berger Engineering Co. v. Village Casuals, Inc.*, 576 S.W.2d 649, 652 (Tex.Civ.App.—Beaumont 1978, no writ). Even the mere fact that one has made a profit is an insufficient ground to order restitution on a theory of unjust enrichment. The profit must be "unjust" under principles of equity. *Harris v. Sentry Title Co.*, 715 F.2d 941 (5th Cir.1983).

Appellee first argues that, because the City's representative failed to appropriately perform its duty regarding approval of the payment bond, the jury could properly conclude that the retention of the $17,000.00 was unjust because appellee had not been paid. However, it is clear from both the partial summary judgment and the final judgment that the trial court found no merit to appellee's contention that the City had negligently violated a statutory duty relating to approval of the general contractor's bond. Appellee subcontractor does not raise this issue on appeal by cross-point.

■ We do not believe that the City has been unjustly enriched to appellee's detriment. The evidence is clear that the City paid La-Man for appellee's services. The City has received no benefit from the work done by appellee beyond what it has already paid for. It has simply refused to pay again for what it has already paid. We find no evidence to support the jury's finding that the City was unjustly enriched. Appellant's ninth point of error is also sustained.

The City's points of error three through eight complain of the trial court's action allowing a trial amendment that sought rescission of appellee's subcontract with La-Man based upon misrepresentations that the project was properly bonded. Because of this trial amendment, the City also complains of the trial court's fraud submission. The submitted special issue asked

the jury whether the evidence supported the proposition that appellee entered into the subcontract with La-Man as a result of a material misrepresentation. We note, first of all, that the special issue does not inquire *whose* material misrepresentation misled appellee.

 The elements of common law fraud are: 1) a material misrepresentation was made; 2) it was false; 3) the speaker knew it was false when it was made or the speaker made it recklessly without any knowledge of its truth; 4) the representation was made with the intention that it should be acted upon by the party; 5) the party acted in reliance upon it; and 6) the party suffered injury. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983).

■ It is fairly clear from the record that appellee was seeking rescission of the subcontract so that he could pursue a claim for quantum meruit based upon quasi-contract. It is generally accepted that the equitable relief of recission will not be granted for mere breach of contract in the absence of fraud. *Crabtree v. Burkett,* 433 S.W.2d 9, 12 (Tex.Civ.App.—Beaumont 1968, no writ). It is also not a remedy for a completed contract in the absence of fraud. *Johnson v. McLean,* 630 S.W.2d 790 (Tex.App.—Houston [1st Dist.] 1982, no writ).

Sidney Smith, president of S.S. Smith & Sons Masonry, testified that the City plainly put out the message that this job would be properly bonded by an insurance company approved by the State Board of Insurance. Smith said he had no reason to question La-Man concerning the bonding because the City indicated that they were bonded.

■ Robert Coffin, Assistant City Attorney, testified that he reviewed and approved as to form the contract between the City and La-Man. He approved the insurance provisions, the performance and payment bonds, and the form and wording of the agreement itself. No one from La-Man testified during the trial. Clearly, there is no evidence before this Court or the court below that either the City or La-Man made a knowing or reckless statement regarding the bond with the intent that appellee act upon it. Regardless, the trial court found against appellee on its common law fraud claim against the City. Appellant's seventh point of error is sustained. We also sustain appellant's fourteenth point of error concerning attorney's fees.

We have addressed all dispositive points of this appeal, and therefore it is unnecessary for us to address appellant's other points of error. Tex.R.App.P. 90.

The judgment of the trial court is reversed and judgment here rendered for appellant City of Corpus Christi.