H.E. AUSTIN and Jim
Austin, Appellants,

v.

Gordon DUVAL and Dick
Matz, Appellees.

No. 14709.

Court of Appeals of Texas,
Austin.

Aug. 12, 1987.

Rehearing Denied Sept. 16, 1987.

Jay Doyle, Mallios & Doyle, Austin, for appellants.

A.T. Mullins, Kirk Kuykendall, Austin, for appellees.

Before POWERS *, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

H.E. Austin and Jim Austin appeal from a judgment ordering them, jointly and severally, to pay $50,000 plus prejudgment and post-judgment interest to Gordon Duval and Dick Matz. We will reverse the district court's judgment and render judgment that Matz and Duval take nothing.

Matz, Duval and H.E. Austin each contributed $25,000 to purchase a 45–day option to buy a certain mineral interest from Gary Bennett at a price of $3,000,000. H.E. Austin signed the option contract on May 16, 1982, on behalf of himself and as self-proclaimed "Trustee" for Matz and Duval. The optionees, however, were unable to obtain financing within the 45–day period and the option expired. The $75,000 earnest money was forfeited to Bennett as liquidated damages under the terms of the agreement.

On July 10, 1982, after the expiration of the first option, H.E. Austin purchased a second option, on behalf of himself and as "Trustee" for his brother Jim Austin, to purchase the same mineral interest from Bennett at a price of $3,180,000. Consideration for the second option was $350,000

which was to be credited toward the purchase price in the event the sale of the mineral interest was consummated. Jim Austin provided $300,000 cash to purchase the option, and H.E. Austin was given credit by Bennett for the remaining $50,000 as funds that "Buyer has previously deposited." It is undisputed that Bennett returned to H.E. Austin the $25,000 that Austin had previously deposited as his share of the purchase price for the original option, and that the $50,000 for which Austin received credit on the second option was the money originally deposited by Duval and Matz.

Duval and Matz sued H.E. Austin and Jim Austin for the return of their $50,000 deposit or alternatively for a share of the profits made by the Austin brothers upon their subsequent sale of the mineral interest. Duval and Matz alleged that they were entitled to recover under the theories of money had and received, purchase money resulting trust, constructive trust and/or breach of fiduciary relationship. The trial court granted partial summary judgment in favor of the Austins denying the plaintiffs' claims to any portion of the profits realized by the Austin brothers from the sale of the mineral interest. The case was then tried to the court on stipulated facts and deposition testimony, and the court found that Duval and Matz were entitled to recover from the Austin brothers, jointly and severally, the $50,000 they deposited as earnest money under the original option contract.

In the absence of conclusions of law showing the basis of the trial court's judgment, the judgment must be affirmed if there is any ground presented by the pleadings and supported by evidence upon which it can properly rest. *Broussard v. Cruse*, 154 S.W. 347, 350 (Tex.Civ.App.1913, writ ref'd).

On appeal, Duval and Matz argue that when Bennett returned $25,000 to H.E. Austin and credited the remaining $50,000 of original earnest money as consideration for the second option, H.E. and Jim Austin had an obligation to return the $50,000 to them as *money had and re-*

*ceived* or, in the alternative, to convey a corresponding share of the purchased mineral interest to them under a *resulting trust* theory. They argue in addition that H.E. Austin committed a *breach of fiduciary duty* by personally profiting from funds belonging to Duval and Matz. We disagree.

Without detailing the requirements for recovery under the theories of money had and received and resulting trust, each requires one element which is missing on these facts. The $50,000 in question must have belonged, legally or equitably, to Duval and Matz at the time H.E. Austin entered into the second option contract. *See Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687 (1951); and *Morrison v. Farmer*, 147 Tex. 122, 213 S.W.2d 813, 815 (1948). The money which was credited to H.E. and Jim Austin, however, no longer belonged in any way to Duval and Matz. It was forfeited under the express terms of the first option contract to Bennett, and it was Bennett's to do with as he wished. Bennett's crediting of the money, which had once belonged to Duval and Matz, to the Austin brothers could not somehow recreate a right to the money in Duval and Matz absent some showing of fraud or other error in the first transaction.

Duval and Matz have not alleged nor is there evidence in the record of fraud or deceit on the part of H.E. Austin in either transaction. The parties agree that the first option contract expired by its own terms, through no one's fault, 45 days after May 16, 1982, and the $75,000 earnest money was forfeited at that time to Bennett. Duval, Matz and H.E. Austin had received the benefit for which they had contracted: a 45-day option to purchase. Duval and Matz have never asserted they had any right to the return of their $50,000 earnest money deposit after it was forfeited but before the second option was entered into by H.E. and Jim Austin. On the contrary, they admit that their money was forfeited to Bennett under the express terms of the agreement. Any rights Duval and Matz had to the money were thereby

extinguished and not subject to revival by a subsequent and separate transaction.

Both sides cite the following cases in support of their respective positions on the applicability to these facts of assumpsit, or money had and received: *Staats v. Miller, supra; Barrett v. Ferrell,* 550 S.W.2d 138 (Tex.Civ.App.1977, writ ref'd n.r.e.); *Acoustical Screens In Color, Inc. v. T.C. Lordon Co., Inc.,* 524 S.W.2d 346 (Tex.Civ. App.1975, writ ref'd n.r.e.); and *King v. Tubb,* 551 S.W.2d 436 (Tex.Civ.App.1977, no writ). We find the cases support the position of the Austin brothers and not that of Duval and Matz. The Texas Supreme Court, citing 58 C.J.S. Money Received § 4a (1948), states the theory as follows:

> The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him.

*Staats v. Miller, supra* at 687. At first blush, the language seems to support the position of Matz and Duval in that superficially it does appear that the Austins benefitted by having their purchase price for the second option reduced because of money paid by Duval and Matz. A review of the above-cited cases, however, reveals that in *Staats, Acoustical* and *King,* the plaintiffs had provided money or goods which benefitted the defendant *without corresponding consideration* by the defendant and without gratuitous intent. In *Barrett,* the plaintiff paid $20,000 to the defendant for an undivided ¼ oil and gas interest with the understanding that the defendant would drill a well. A well, which turned out to be a dry hole, was drilled and plugged. Plaintiff sued for the return of her investment, less her proportionate share of the drilling costs. The Court of Civil Appeals held that the $20,000 was a purchase price and not an advance of the drilling and completion costs, and allowed the defendant to retain the "windfall" of $12,500 which represented the price plaintiff had paid for her interest less the costs of drilling the dry hole. The Court held that the plaintiff was not entitled to a return of the $12,500 because she had re-ceived what she bargained for. Similarly, Matz and Duval received from their $50,-000 what they bargained for—a 45-day option to purchase.

> An action for restitution based on unjust enrichment or for money had and received will lie where one person has obtained money from another by fraud, duress, or taking an undue advantage; or when money is paid by one person in consideration for an act to be done by another and the act is not performed; or to recover money received on a consideration that has failed in whole or in part.

6 Tex.Jur.2d Assumpsit § 6 (1959). "Plaintiff cannot recover merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss." 58 C.J.S. Money Received § 41 (1948). The consideration in this case did not fail in whole or in part and, despite their unfortunate loss, assumpsit, or money had and received, will not support the judgment for Duval and Matz.

Nor is resulting trust a theory which will support the judgment. A resulting trust arises by operation of law when title is conveyed to one person but the purchase price is paid by another. *Morrison v. Farmer, supra.* On these facts, no part of the purchase price for the second option was paid by Duval or Matz because, for the reasons stated above, neither had any interest in the $50,000 credited by Bennett.

■ Duval and Matz have also failed to show that H.E. Austin breached a fiduciary duty. H.E. Austin acted as self-proclaimed trustee for Duval and Matz when entering into the first option contract. When the option period expired and the earnest money was forfeited without any fault on the part of H.E. Austin, any fiduciary role Austin may have assumed ended. Once the fiduciary cloak was removed, Austin was free legally to pursue his personal interests without regard to the financial well-being of Duval and Matz. Duval and Matz have cited no cases, and we find none, imposing a fiduciary responsibility in circumstances such as these.

Because none of the theories upon which the case was tried will support the judgment, the Austins' first point of error is sustained. We therefore need not address the remaining points of error. Cross points of Duval and Matz are overruled for the reasons stated above.

The judgment of the district court is reversed and judgment is hereby rendered that Duval and Matz take nothing.