# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00730-CV

### James Johnson, Individually and on behalf of others similarly situated, Appellant

### v.

### Maund Automotive Group, L.P. and CMOC CP, Inc., Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN103984, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Johnson appeals the trial court's summary judgment in favor of Maund Automotive Group, L.P. and CMOC CP, Inc. (collectively, Maund) on his claims for breach of contract, unjust enrichment, money had and received, and deceptive trade practices. Johnson asserts that the evidence amounts to more than a scintilla of evidence to support his theories, which rest on Maund's practice of including an automatic charge for "shop supplies" and "hazardous waste" disposal on customers' invoices for car repairs. Because there is no more than a scintilla of evidence to support any of Johnson's claims, we affirm the judgment of the district court.

**BACKGROUND**

Johnson dropped off his Oldsmobile after hours at Maund's dealership on September 12, 2000 for repair work on his air-conditioning system. He indicated on the overnight drop-off form that he wanted an employee to call him before any repair work was performed. The next day, he received a phone call from a service manager at Maund, who gave him an overall estimate for the repair work of about $892, excluding tax. Johnson admitted in his deposition that he had also requested an inspection of his car, which together with the repair work, caused the manager to give him a total estimate for the repairs and inspection of $911, excluding tax. The Maund employee did not break down the estimate into parts and labor or any other categories, and Johnson did not ask for such details. When Johnson returned to pick up his car the next day, he was initially presented with an invoice for about $200 more than the estimate. After Johnson objected to the overage, a Maund employee gave him a different invoice, which amounted to $910.27. Besides itemized charges for parts and labor, the invoice contained a non-itemized charge of $27.53 for a line item labeled "shop supplies/hazardous material."

Johnson's affidavit states that he asked the Maund cashier to explain the shop supplies/hazardous material charge. She allegedly told him that it was included on all invoices and was automatically calculated by the computer. A service employee told him the same thing. When asked what "shop supplies" were used on his car, the service employee "could not explain [to Johnson] what shop supplies were used." Nonetheless, Johnson signed the invoice, acknowledging that he had received an estimate of $911 for the repairs and inspection, paid the full amount due, and

2

left the dealership with his fully repaired automobile, because he "knew that if [he] didn't pay the invoice, [Maund] would not have released [his] car."

Johnson filed a class-action lawsuit against Maund for breach of contract, unjust enrichment, money had and received, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) based on the allegedly "fictional" shop supplies/hazardous material charge. Johnson's primary contention was that Maund's charging of the fee was not correlated to the actual supplies, if any, used in the repair of a particular automobile. This contention is based on the deposition testimony of Maund executives explaining that the shop supplies/hazardous material fee is calculated at 5% of the cost of parts charged to a customer and is automatically added to all invoices.[1] Maund filed a traditional motion for summary judgment. The trial court granted the motion on the breach-of-contract claim only. Johnson filed two amended petitions, restating his claim for breach of contract and reiterating his equitable and statutory claims. Maund then filed a no-evidence motion for summary judgment. The trial court granted this second motion, dismissing all of Johnson's claims. Johnson asserts that summary judgment was improper because the evidence raised more than a scintilla of evidence on each of his claims.

---

[1] According to a Maund executive, the "shop supply" charge is not added to the invoices billed to manufacturers paying to have work performed under warranties. Johnson alleges this is a prohibited practice but asserts no cause of action arising from it. *See* Tex. Occ. Code Ann. § 2301.402 (West 2004) (manufacturers may not reimburse dealer amount of money for warranty work that is less than amount dealer charges retail customer for similar non-warranty work).

3

## DISCUSSION

*Standard of review*

A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). To raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative evidence as to an essential element of the claim on which the nonmovant would have the burden of proof at trial. *See id.*; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). If the nonmovant fails to present evidence raising a genuine issue of material fact as to the challenged element, the trial court must grant the motion. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *Jackson*, 979 S.W.2d at 70.

4

*Breach of contract*

Johnson's third amended petition alleged that he had a "contract" with Maund, "whereby [Maund] agreed to use the necessary parts and labor to repair [his] car" and that he "contracted to pay a certain price for the parts and labor, but was charged an additional five percent (5%) of the cost of the parts." However, Johnson cites no evidence in the record to support these assertions, other than a statement in his affidavit that, "I agreed to pay for parts and labor needed to repair my vehicle." Conclusory statements unsupported by facts in an affidavit are insufficient to raise a genuine issue of fact to prevent the rendition of summary judgment. *See Texas Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Johnson cites no evidence in the form of written documents, notes, conversations he had with Maund employees, or representations that could support the formation of a contract on the terms he asserts.[2] The only evidence to support his allegation, besides his conclusory statement, is the invoice that he signed, acknowledging that Maund had given him an estimate of $911. Even if there were a contract between the parties, the only evidence indicates that its terms required Maund to repair Johnson's vehicle for an amount not to exceed the estimate. Assuming such a contract existed, there is no evidence that Maund breached it, as its second invoice presented to Johnson came

---

[2] Johnson compares the shop supplies/hazardous material fee to the "overhead" any business necessarily incurs and attempts to characterize the alleged "contract" he had with Maund as a "time and materials" construction agreement. The San Antonio court of appeals has indicated that "time and materials" contracts do not allow for payment of overhead expenses. *See Kubela v. Schuessler Lumber Co.*, 492 S.W.2d 92, 95 (Tex. Civ. App.—San Antonio 1973, no writ). Because there is no evidence that Johnson and Maund had a contract to repair his car for only the cost of labor and materials, we need not reach this argument.

5

in under the estimate. We conclude that summary judgment on Johnson's breach-of-contract claim was proper.

***Unjust enrichment***

A party may recover under a theory of unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied). Unjust enrichment occurs when the "person sought to be charged [has] wrongfully secured a benefit or [has] passively received one which it would [be] unconscionable to retain." *City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex. App.—Corpus Christi 1987, writ denied). Recovery under unjust enrichment is not dependent on the existence of a wrong. *Bransom*, 874 S.W.2d at 927.

Johnson has alleged no duress used by Maund to lure him into allowing it to repair his car or to take his payment for the shop supplies. Although he alleges fraud and undue advantage, the record does not support these claims. Fraud is a false material misrepresentation that (1) was either known to be false when made or was asserted without knowledge of its truth, (2) was intended to be acted upon, (3) was relied upon, and (4) caused injury. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Nondisclosure of a material fact may be equivalent to a misrepresentation when the circumstances impose a legal duty to speak and the party deliberately

6

remains silent. *See Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). Thus, silence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Whether such a duty exists is a question of law. *Id.* Generally, a duty to speak exists only when the parties have a fiduciary or confidential relationship. *Morris*, 981 S.W.2d at 674. No fiduciary or confidential relationship between the parties was pleaded or proven by Johnson, nor has he alleged that a partial disclosure by Maund created a false impression. *See Bradford*, 48 S.W.3d at 755-56. We conclude that Maund had no legal duty to tell Johnson that he would be charged the shop supplies/hazardous material fee when it gave Johnson an estimated cost to repair his car, and there is no evidence of any material misrepresentation made by Maund to Johnson.

As for the taking of "undue advantage," Johnson has not identified any actionable conduct by Maund. There is no evidence that Maund did not actually use any shop supplies or dispose of any hazardous materials removed from Johnson's car; in fact, Maund presented evidence in the form of the vehicle's owner's manual calling for the use of certain supplies in the normal and proper servicing of the air conditioner, amounting to about $20 worth of supplies, and testimony that Maund's technicians typically perform repairs on a car in accordance with the owner's manual. Johnson testified that he had been aware at the time he paid Maund's invoice that some repair shops charge for shop supplies. We fail to see how Maund took "undue advantage" of Johnson by charging him the $27.53 fee, when the total charge was less than the estimate Maund had originally provided.

7

Johnson has failed to set forth any evidence that Maund obtained a benefit from him by fraud or the taking of an undue advantage, and summary judgment on this claim was proper.

### *Money had and received*

An action for money had and received arises when the defendant obtains money that in equity and good conscience belongs to the plaintiff. *Staats v. Miller*, 243 S.W.2d 686, 687 (Tex. 1951); *see Austin v. Duval*, 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied). This action is not premised on wrongdoing, but looks only to the justice of the case and inquires whether the defendant has received money that rightfully belongs to another. *Greer v. White Oak State Bank*, 673 S.W.2d 326, 329 (Tex. App.—Texarkana 1984, no writ). In short, it is an equitable doctrine applied to prevent unjust enrichment. *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. App.—Houston [14th Dist.] 2001, no writ). A cause of action for money had and received belongs conceptually to the doctrine of unjust enrichment. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ).

Johnson has asserted that the $27.53 fee "rightfully" belonged to him because Maund misrepresented that it used shop supplies in the repair of his car and that the charge was to recoup costs incurred in servicing his car. These allegations should have been determined by a trier of fact only if there was more than a scintilla of evidence that either Maund had not used any shop supplies or waste removal in the repair of the car or that the fee charged was not to cover such expenses. There is no such evidence in the record. Summary judgment was proper on this claim.

*DTPA violations*

Johnson's real concern in this lawsuit, as expressed in his deposition testimony, is that the 5% of parts charged as "shop supplies/hazardous material" is not itemized—and he therefore was unable to tell if any shop supplies at all had actually been used on his car and, if so, what those supplies were.[3] He testified that if Maund had documented the specific shop supplies it used in repairing his car, he believed that Maund should be allowed to recover such charges. He also conceded that Maund could have marked up its costs for labor by incorporating an amount to cover shop supplies and hazardous materials disposal. Basically, Johnson believes that Maund's line-item charge for shop supplies and hazardous material disposal should either have been invisible to the customer (appearing in the form of increased labor charges) or clearly itemized (in the form of, for example, numbers of bottles of solvents or shop rags used in servicing an automobile); he does not assert that Maund cannot charge customers for such items at all.

Johnson pleaded two claims under the DTPA: that Maund engaged in false, misleading, or deceptive acts and that Maund engaged in unconscionable acts. *See* Tex. Bus. &

_____

[3] Johnson stated,

> My main concern is that it's an arbitrary figure that is not specific as to the items that are listed above and that they cannot make an explanation for it. And I realize it's a minimal charge, but I think it's—I would rather pay $5 or $10 more for labor than I—and know what I was being paid for. If they could have told me that that $27 was so much oil, so much lubricant or something like that, I think I could have accepted that. [. . .] I haven't the foggiest idea whether one rag was used, one drop of oil, one piece of tape. I have no earthly idea.

Com. Code Ann. § 17.50(a)(1), (3) (West 2002). To recover under his first DTPA claim, Johnson had to prove that (1) he is a consumer, (2) Maund engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *see* Tex. Bus. & Com. Code Ann. § 17.50(a)(1). Regarding the second requirement, Johnson's third amended petition alleged that Maund engaged in the following actionable conduct: (1) representing that services have characteristics, ingredients, uses, benefits, or quantities that they do not have; (2) advertising services with intent not to sell them as advertised; (3) representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve; (4) knowingly making false or misleading statements of fact concerning the need for parts or repair services; (5) basing a charge for the repair of any item in whole or in part on a guaranty or warranty instead of on the value of the actual repairs made or work to be performed on the item without stating separately the charges for the work and the charge for the warranty or guaranty; and (6) representing that work or services have been performed when the work or services were not performed. *See* Tex. Bus. & Com. Code Ann. § 17.46(b)(5), (9), (12), (13), (15), (22) (West Supp. 2004-2005).

Johnson has pointed to no evidence in the record of any representation by Maund that their servicing of his car had characteristics, ingredients, uses, benefits, or quantities that it did not have or that work or services had been performed on his car when they had not been. *See id.* § 17.46 (b)(5), (22). Although there is evidence that the methodology by which Maund arrived at the amount to charge Johnson for shop supplies and waste disposal is not necessarily correlated to the amount of supplies or disposal costs used in connection with his car, Johnson could not point to any evidence

10

that the shop had not used any supplies or performed any waste disposal to do the repair work. In fact, Maund presented evidence in the form of the vehicle's owner's manual calling for the use of certain supplies in the normal and proper servicing of its air conditioner. Johnson presented no evidence of advertising performed by Maund relating to its services. *See id.* § 17.46(b)(9). We have already determined that there is no evidence that Maund and Johnson had an "agreement," other than for Maund to repair Johnson's car and perform an inspection for $911 or less, in which case there is no evidence of any representation by Maund about the rights, remedies, or obligations under such "agreement." *See id.* (12). Johnson has pointed to no evidence of misrepresentations by Maund about the need for parts or services—in fact, he testified that he was satisfied with the work Maund performed and that his air conditioning was adequately repaired. *See id.* (13). Finally, there is no evidence in the record that Maund based its charge for the repair of Johnson's car in whole or in part on a guaranty or warranty instead of on the value of the actual repairs made or work to be performed on the car without stating separately the charges for the work and the charge for the warranty or guaranty—there is no evidence of any guaranty or warranty purchased or owned by Johnson or sold by Maund at all. *See id.* (15).[4]

Johnson's claim under the DTPA for unconscionability requires proof of an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree. *See id.* § 17.45(5) (West 2002), § 17.50(a)(3). To prove an unconscionable action or course of action, Johnson must show that

---

[4] Because we hold that there is no evidence to support that Maund engaged in any prohibited acts, we need not reach the issue of whether Johnson relied on Maund's actions to his detriment. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(B) (West 2002).

11

Maund took advantage of his lack of knowledge and "that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated." *Morris*, 981 S.W.2d at 677 (quoting *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985)); *Bennett v. Bank United*, 114 S.W.3d 75, 81 (Tex. App.—Austin 2003, no pet.). The relevant inquiry examines the entire transaction, not Maund's intent. *See Chastain*, 700 S.W.2d at 583. Johnson has pointed us to no evidence indicating that Maund's conduct in charging him a fee for supplies/hazardous waste resulted in glaringly noticeable, flagrant, complete, and unmitigated unfairness. Based on this record as a whole, we find no evidence of unconscionable conduct. We hold that summary judgment on Johnson's DTPA claims was proper.

## CONCLUSION

Because Johnson failed to raise more than a scintilla of evidence to support his claims for breach of contract, unjust enrichment, money had and received, and DTPA violations, we affirm the summary judgment of the district court.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: August 12, 2004

12