NUMBER 13-05-00258-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BEST BUY CO., INC. AND

BEST BUY STORES, L.P., Appellants,


v.



VELMA V. BARRERA, INDIVIDUALLY

AND ON BEHALF OF OTHERS

SIMILARLY SITUATED, Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa



 Appellants, Best Buy Co., Inc. and Best Buy Stores, L.P. (collectively "Best Buy"),
bring this interlocutory appeal from the trial court's order approving class certification in
favor of appellee, Velma V. Barrera, individually and on behalf of others similarly situated. 
We affirm.

A. Background


 On January 23, 2003, Barrera purchased a radar detector from Best Buy for
$199.99 plus tax. Printed on the back of the receipt was the following language: "A 15%
restocking fee will be charged on returns or exchanges of any opened: notebook
computer, camcorder, digital camera or radar detector, unless defective." The same notice
was posted in the store. Two days later, Barrera decided to return the radar detector. Best
Buy accepted the return; however, it charged Barrera the standard fifteen-percent
restocking fee. The language appearing on the original receipt was also printed on the
back of the receipt signed by Barrera at the time of the return. Best Buy subsequently
returned to Barrera a check in the amount of $169.99. 

 Barrera brought a class-action suit against Best Buy on February 17, 2003, seeking
return of the fifteen-percent restocking fee. She asserted causes of action for money had
and received/unjust enrichment, or in the alternative, rescission. After a hearing, the trial
court certified a class consisting of "All Texas residents who were charged a 15%
'Restocking Fee' when they returned or exchanged an opened notebook computer,
camcorder, digital camera, or radar detector." Best Buy appeals the trial court's decision
in six issues. 

B. Jurisdiction and Standard of Review


 We have jurisdiction over interlocutory appeals of class certification orders under
section 51.014(a) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(3) (Vernon Supp. 2006); Cent. Power & Light Co. v. City of
San Juan, 962 S.W.2d 602, 607 (Tex. App.-Corpus Christi 1998, pet. dism'd w.o.j.). 

 Class certification is governed by rule 42 of the Texas Rules of Civil Procedure. (1) 
The decision to grant or deny class certification is within the discretion of the trial court, and
we will not reverse the trial court's decision unless an abuse of that discretion is evident
from the record. Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 439 (Tex. 2000); Gen.
Motors v. Bloyed, 916 S.W.2d 949, 955 (Tex. 1996); Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 242 (Tex. 1985); Nissan Motor Co. v. Fry, 27 S.W.3d 573, 580 (Tex.
App.-Corpus Christi 2000, pet. denied). However, unlike typical abuse of discretion
review, when reviewing the grant or denial of class certification, we do not indulge every
presumption in favor of the trial court's ruling. Henry Schein v. Stromboe, 102 S.W.3d 675,
691 (Tex. 2002) (citing Bernal, 22 S.W.3d at 435). While some of the trial court's
determinations, such as those based on assessment of the credibility of witnesses, "must
be given the benefit of the doubt," Stromboe, 102 S.W.3d at 691, "actual, not presumed,
conformance with [rule 42] remains . . . indispensable." Bernal, 22 S.W.3d at 435. There
is no inherent right to proceed as a class action. Id. at 439; Philadelphia Am. Life Ins. v.
Turner, 131 S.W.3d 576, 584 (Tex. App.-Fort Worth 2004, no pet.). Therefore,
compliance with rule 42 must be demonstrated, Stromboe, 102 S.W.3d at 691; Bernal, 22
S.W.3d at 435, and we do not err in favor of certification. Bernal, 11 S.W.3d at 434-35;
Turner, 131 S.W.3d at 585.

 Rule 42 provides that: 

all class actions must satisfy four threshold requirements: (1) numerosity
("the class is so numerous that joinder of all members is impracticable"); (2)
commonality ("there are questions of law or fact common to the class"); (3)
typicality ("the claims or defenses of the representative parties are typical of
the claims or defenses of the class"); and (4) adequacy of representation
("the representative parties will fairly and adequately protect the interests of
the class").


Bernal, 22 S.W.3d at 433 (quoting Tex. R. Civ. P. 42(a)). In addition, the class action must
be maintainable under one of the categories outlined in subdivision (b). See id. (citing Tex.
R. Civ. P. 42(b)). In this case, appellee asserts that the class action complies with
subsection (b)(3), which requires that "questions of law or fact common to the members
of the class predominate over any questions affecting only individual members, and a class
action is superior to other available methods for the fair and efficient adjudication of the
controversy." Tex. R. Civ. P. 42(b)(3). 

 Best Buy contends the trial court erred in certifying the class because (1) the
predominance requirement is not met, (2) the trial court failed to perform the required
"rigorous analysis," (3) the class action is not a superior method of adjudication, (4) the
commonality requirement is not met, (5) Barrera's claims are not typical of those of her
class, and (6) Barrera is not an adequate class representative.

C. Predominance


 The predominance requirement, see Tex. R. Civ. P. 42(b)(3), is one of the most
stringent prerequisites to class certification and is intended to "[prevent] class action
litigation when the sheer complexity and diversity of individual issues would overwhelm or
confuse a jury or severely compromise a party's ability to present viable claims or
defenses." Bernal, 22 S.W.3d at 433-34. In deciding whether common issues
predominate, courts identify the substantive issues of the case that will control the outcome
of the litigation, assess which issues will predominate, and determine if the predominating
issues are those common to the class. Id. at 434. "The test for predominance is not
whether common issues outnumber uncommon issues but . . . 'whether common or
individual issues will be the object of most of the efforts of the litigants.'" Id. (quoting Cent.
Power & Light Co., 962 S.W.2d at 610). Ideally, a judgment in favor of the named plaintiffs
should decisively settle the entire controversy, and all that should remain is for class
members to file proof of their claims. Id. However, if after resolution of the common
issues, individual issues remain that will be overwhelming or unmanageable for a single
jury, then common issues do not predominate and proceeding as a class action is
inappropriate. Id. 

 In its first issue, Best Buy asserts that Barrera has not met the predominance
requirement because the claims asserted and the defenses raised by Best Buy require
individualized determinations. Central to Best Buy's argument on this issue is the assertion
that Barrera has made claims of unjust enrichment and rescission. However, contrary to
this assertion, the primary cause of action presented by appellee's current petition is that
of money had and received, not unjust enrichment. 

 The doctrine of unjust enrichment does not present an independent cause of action
but rather "belongs to the measure of damages known as quasi-contract or restitution," the
purpose of which is "to place an aggrieved plaintiff in the position he occupied prior to his
dealings with the defendant." Burlington N. R.R. Co. v. Southwestern Elec. Power Co.,
925 S.W.2d 92, 96-97 (Tex. App.-Texarkana 1996, aff'd by Southwestern Elec. Power Co.
v. Burlington N. R.R., 966 S.W.2d 467 (Tex. 1998)); Amoco Prod. Co. v. Smith, 946
S.W.2d 162, 164 (Tex. App.-El Paso 1997, no writ). Unjust enrichment "applies the
principles of restitution to disputes which for one reason or another are not governed by
a contract between the contending parties." Amoco Prod. Co., 946 S.W.2d at 164. When
a defendant has been unjustly enriched by the receipt of benefits in a manner not governed
by contract, such as circumstances involving fraud, duress, or the taking of an undue
advantage, the law implies a contractual obligation upon the defendant to restore the
benefits to the plaintiff. Burlington N. R.R. Co., 925 S.W.2d at 97 (citing Heldenfels Bros.
v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992)); Barrett v. Ferrell, 550 S.W.2d
138, 143 (Tex. Civ. App.-Tyler 1977, writ ref'd n.r.e.)). 

 An action for money had and received arises when a party obtains money which in
equity and good conscience belongs to another. Amoco Prod. Co., 946 S.W.2d at 164
(citing Austin v. Duval, 735 S.W.2d 647, 649 (Tex. App.-Austin 1987, writ denied)); Staats
v. Miller, 243 S.W.2d 686, 687 (1951)); see also J.C. Penney Co. v. Pitts, 139 S.W.3d 455,
458 n.4 (Tex. App.-Corpus Christi 2004, pet. filed). Unlike unjust enrichment, an action
for money had and received is not premised on wrongdoing, "but looks only to the justice
of the case and inquires whether the defendant has received money which rightfully
belongs to another." Amoco Prod. Co., 946 S.W.2d at 164. It is essentially an equitable
doctrine applied to prevent unjust enrichment. See Pitts, 139 S.W.3d at 458 n.4; Hunt v.
Baldwin, 68 S.W.3d 117, 132 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Thus, while
a claim for money had and received is conceptually related to the doctrine of unjust
enrichment, the two claims are not synonymous. See Amoco Prod. Co., 976 S.W.2d at
164 (citing Burlington N. R.R. Co., 925 S.W.2d at 101 n.5). The individualized showings
that Best Buy argues are required, such as showings of fraud, duress, and the taking of
undue advantage, are inapplicable here; these elements are not relevant to claims for
money had and received because such a claim is not premised on any wrongdoing. See
Staats, 243 S.W.2d at 687-88; Amoco Prod. Co., 946 S.W.2d at 164. Similarly, Best Buy's
argument in support of its affirmative defense of actual knowledge focuses on claims of
unjust enrichment, not money had and received. Thus, we conclude this argument is also
inapplicable here.

 Finally, Best Buy asserts that it has an affirmative defense of unclean hands against
those class members who purchased an item with the intention of using it for a particular
purpose and then returning it. Best Buy asserts that because this requires inquiry into the
individual conduct of class members, it defeats the predominance requirement.

As a defense to an action for money had and received, the defendant may
show any facts which will entitle him to retain the money on either legal or
equitable grounds. Thus, he may interpose any defense which shows that in
equity and good conscience the plaintiff is not entitled to recover.


B & R Dev., Inc. v. Rogers, 561 S.W.2d 639, 643 (Tex. Civ. App.-Texarkana 1978, writ
ref'd n.r.e.). However, the existence of an affirmative defense, even one that is "peculiar
to certain members," will not necessarily prevent class certification, and we conclude it
does not do so here. See Nissan Motor Co., 27 S.W.3d at 591 (citing Cent. Power & Light
Co., 962 S.W.2d at 610); see also Alford Chevrolet-Geo v. Jones, 91 S.W.3d 396, 405 n.8
(Tex. App.-Texarkana 2002, pet. denied) (citing Graebel/Houston Movers, Inc. v. Chastain,
26 S.W.3d 24, 30 (Tex. App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.)).

 The first substantive issue that must be addressed is whether there was a valid
contract governing the transactions as is asserted by Best Buy. See Burlington N. R.R.,
966 S.W.2d at 471 (determining that a claim for money had and received was "dependent
on [the] contention that the jury found that there had been overcharges under the contract. 
As long as the rates . . . paid were the contract rates, there was no 'money had' . . . that
should be returned . . . ."). A valid contract requires (1) an offer, (2) an acceptance in strict
compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent
to the terms, and (5) execution and delivery of the contract with the intent that it be mutual
and binding. Copeland v. Alsobrook, 3 S.W.3d 598, 604 (Tex. App.-San Antonio 1999,
pet. denied). The determination as to whether there was a meeting of the minds, and thus
offer and acceptance, is based on the objective standard of what the parties said and did,
not on their subjective states of mind. Id. The fifteen-percent restocking fee at the base
of this suit was applied uniformly to customers returning one of the four enumerated items
in an open box, without inquiry into individual details or circumstances. Because of the
uniformity in the application of the restocking fee, when the question of whether there was
a valid contract governing the transaction is answered as to one class member, it will be
answered as to all class members.

 If the litigation proceeds to Barrera's claim of money had and received, because
such a claim is not based on any wrongdoing, see Amoco Prod. Co., 946 S.W.2d at 164,
and the restocking fee was uniformly applied regardless of the individual circumstances,
the substantive issues would not necessarily be dependent on individual circumstances. 
In addition, Best Buy concedes that the evidence it will present in its defense is not
applicable to individual customers, but is class-wide.

 Therefore, we conclude that the trial court did not err in determining that the
predominance requirement has been met. Appellant's first issue is overruled. 


D. Trial Plan


 Before certifying a class, a court must perform a "rigorous analysis" to determine
whether all prerequisites to certification have been met. Bernal, 22 S.W.3d at 435 (citing
Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982)). The Texas Supreme
Court has explicitly rejected the approach of "certify now and worry later." Id. (citing
Castano v. Am. Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)). "[It] is improper to certify
a class without knowing how the claims can and will likely be tried," such that "conformance
with rule 42 may be meaningfully evaluated." Id. Therefore, the trial court cannot rely on
assurances from the parties that any problems can be overcome, but must go beyond the
pleadings and understand "the claims, defenses, relevant facts, and applicable substantive
law in order to make a meaningful determination of the certification issues." Id. The class
certification order should reflect the rigorous analysis conducted by the trial court. See
Tex. R. Civ. P. 42(c)(1)(D).

 The class certification order issued by the trial court consists of twenty-three pages
and contains findings of fact, conclusions of law, and a detailed trial plan. In its second
issue, Best Buy asserts that the trial plan contained in the certification order is inadequate
because it fails to meaningfully explain how the case will be tried in light of the
individualized issues and defenses surrounding claims of unjust enrichment. See Tex. R.
Civ. P. 42(c)(1)(D)(viii) (requiring that an order granting certification must state "how the
class claims and any issues affecting only individual members, raised by the claims or
defenses asserted in the pleadings, will be tried in a manageable, time efficient manner"). 
However, as we have previously discussed, Best Buy's arguments relating to unjust
enrichment are misplaced; the trial plan does not detail how to manage the individualized
issues because there are none. Notwithstanding the lack of individualized issues, the trial
court adequately set out, step-by-step, how trial of the common issues would proceed. 
See discussion supra Part C. Appellant's second issue is overruled. 

E. Superior Method of Adjudication


 For a class to be certifiable, a class action must be superior to other available
methods for the fair and efficient adjudication of the controversy. See Tex. R. Civ. P.
42(b)(3). Certification of a class is appropriate "where repeated litigation of the common
issues in individual actions is grossly inefficient, exorbitantly costly, and a waste of judicial
resources." Nissan Motor Co., 27 S.W.3d at 586 (citing Rainbow Group, Ltd. v. Johnson,
990 S.W.2d 351, 360 (Tex. App.-Austin 1999, pet. denied)). A class action is superior to
other methods of adjudication "where any difficulties which might arise in the management
of the class are outweighed by benefits of classwide regulation of common issues." Id.
(citing Cent. Power & Light Co., 962 S.W.2d at 611). A class action should be considered
a superior method if it serves the goals of eliminating or reducing the threat of repetitive
litigation, preventing the inconsistent resolution of similar cases, and providing a means of
redress for individual claims that are too small to make independent actions economically
viable. See Ford Motor Co. v. Sheldon, 22 S.W.3d 444, 452 (Tex. 2000). However, while
convenience and economy are preliminary considerations for a class action, they do not
outweigh the goals of the judicial system "to obtain a just, fair, equitable and impartial
adjudication of the rights of the litigants under established principles of substantive law." 
Nissan Motor Co., 27 S.W.3d at 586. In addition, rule 42(b)(3) provides a list of non-exhaustive factors to consider to assist the court in its determination: "(A) the interest of
members of the class in individually controlling the prosecution or defense of separate
actions; (B) the extent and nature of any litigation concerning the controversy already
commenced by or against members of the class; (C) the desirability or undesirability of
concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely
to be encountered in the management of a class action." Tex. R. Civ. P. 42(b)(3); see
Bernal, 22 S.W.3d at 433-34. 

 In its third issue, Best Buy asserts that a class-action is not the superior method of
adjudication. Best Buy primarily argues that a class action is not the superior method of
adjudication in this case because individual issues predominate and the class action format
will not allow proper trial of these issues. However, we have determined that common, not
individual, issues predominate. Thus, we reject Best Buy's assertion. 

 Moreover, in reviewing the factors listed in rule 42, we conclude that a class action
is a superior method of litigation in the present circumstance. First, the individual damages
for each class member will be limited to relatively small amounts, and would not justify
litigation on an individual basis. Therefore, the trial court determined, and we agree, that
individual class members do not have a significant interest in controlling the lawsuit. 
Similarly, because there are no individual issues and the amounts involved on an individual
level are small, it is desirable to concentrate the litigation of claims in a single forum so that
the claims can be resolved expeditiously and without the waste of judicial resources. Next,
there is no evidence in the record that any other litigation concerning this controversy is
pending in any other forum. Finally, the size and geographical scope of the potential class
render joinder or intervention improbable. Taken together, all of these factors indicate that
the benefits of maintaining this suit as a class action outweigh any potential difficulties. 

 We conclude the trial court did not err in determining that a class-action is a superior
method of adjudication for this suit. Appellant's third issue is overruled.

F. Commonality


 Under rule 42(a)(2), questions of law or fact common to all members of the class
must be present in order for a class to be certified. Tex. R. Civ. P. 42(a)(2). In its fourth
issue, Best Buy asserts that the commonality requirement is not met because its affirmative
defenses negate the possibility of common answers. (2) 

 "The threshold for commonality is not high." Union Pac. Res. Group, Inc. v.
Hankins, 111 S.W.3d 69, 74 (Tex. 2003) (quoting Phillips Petroleum Co. v. Bowden, 108
S.W.3d 385 (Tex. App.-Houston [14th Dist.] 2003, pet. granted)). A question is common
to the class if, when answered as to one member of the class, it is answered as to all
members of the class. Nissan Motor Co., 27 S.W.3d at 588; Chastain, 26 S.W.3d at 33. 
Rule 42(a)(2) does not require that all or even a substantial portion of the legal and factual
questions be common; a single common question of law or fact could provide grounds for
a class action. Nissan Motor Co., 27 S.W.3d at 588. Consequently, although an
affirmative defense against peculiar members of the class may prevent a common answer
to that particular question, it is insufficient to destroy commonality if there are other
common substantive issues which do have common answers. See id. at 591; Chastain,
26 S.W.3d at 33.

 At the basis of this lawsuit is a uniform policy that was universally applied to the
class members without inquiry into their individual conduct or intentions. Because of the
nature of a claim for money had and received and the uniformity in the application of the
restocking fee, the majority of the questions posed will result in common answers, including
questions regarding whether there was a valid contract governing the transactions, as
asserted by Best Buy. We conclude that the trial court did not err in determining that the
commonality requirement has been met. Appellant's fourth issue is overruled. 

G. Typicality


 Rule 42(a)(3)'s typicality requirement mandates that the class representatives
"possess the same interests and suffer the same injury" as the class. East Tex. Motor
Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977); see Nissan Motor Co., 27
S.W.3d at 582. To meet the typicality requirement, "the representative's claims must arise
from the same event or course of conduct giving rise to the claims of other class members
and must also be based on the same legal theories." Nissan Motor Co., 27 S.W.3d at 582. 
Although it is not necessary that the named representative suffer precisely the same injury
as the other class members, "there must be a nexus between the injuries suffered by the
class representative and those suffered by other class members," and the class
representative must not have interests antagonistic to those of the rest of the class. Id. 
However, a conflict that goes to the very subject matter of the litigation will defeat a party's
claim of representative status. Id. 

 In its fifth issue, Best Buy contends that the typicality requirement is not met
because Barrera's claims are not typical of those of her class and she does not meet the
definition of the class that was certified. Specifically, Best Buy asserts that while the
defined class requires members to have returned an open-boxed item, there is a question
about the condition of the boxed item that Barrera returned.

 In her deposition, Barrera maintained that the box was not opened when she
returned it, but that as she was returning it, the Best Buy employee accepting the return
opened the box and then charged her the fee. At the certification hearing, Barrera testified
that after her deposition, she recalled that the box was opened at the time she returned it,
but not by her. She explained that as she was picking up the radar detector at the front of
the store, the Best Buy employee bringing her the item opened the box in order to show
her that it was not empty and that the item was actually in there. Thus, the box was
opened before she purchased the item. The credibility of Barrera, including which version
of events to believe, is a matter left to the discretion of the trial court. See Stromboe, 102
S.W.3d at 691. However, regardless of which version of events is relied upon, in neither
case does Barrera claim to have opened the box herself; in both versions, the box was
opened by a Best Buy employee in the store.

 The trial court identified the relevant course of conduct to maintain a claim for
money had and received as the charging of the fifteen-percent restocking fee. Thus,
despite the factual differences at the base of her claim, Barrera does have a claim for
money had and received in regards to the fee. This is sufficient to achieve typicality. 
Therefore, we conclude that the trial court did not abuse its discretion is determining that
the typicality requirement has been met. Appellant's fifth issue is overruled.

H. Adequacy of Representation


 In its sixth issue, Best Buy contends the trial court erred in finding that Barrera is an
adequate class representative because she (1) has distinguished her individual claim from
the claims of other members of the class and (2) has provided contradictory testimony
regarding when the radar detector box was opened.

 Pursuant to rule 42(a)(4), a class representative must demonstrate that she will fairly
and adequately protect the interests of the class. Tex. R. Civ. P. 42(a)(4). The adequacy
requirement consists of the following two elements: (1) whether it appears that the class
representative, through her attorneys, will vigorously prosecute the class claims; and (2)
whether there is an absence of antagonism or conflict between the class representative's
interests and those of the class members. (3) See Sun Coast Res., Inc. v. Cooper, 967
S.W.2d 525, 538 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (citing Reserve
Life Ins. Co. v. Kirkland, 917 S.W.2d 836, 844 (Tex. App.-Houston [14th Dist.] 1996, no
writ)). 

 Adequacy of representation is a fact question, which must be determined by
reference to the circumstances of each case. Glassell v. Ellis, 956 S.W.2d 676, 682 (Tex.
App.-Texarkana 1997, pet. dism'd w.o.j.) (citing Weatherly v. Deloitte & Touche, 905
S.W.2d 642, 651 (Tex. App.-Houston [14th Dist.] 1995, writ dism'd w.o.j.)); Forsyth v. Lake
LBJ Inv. Corp., 903 S.W.2d 146, 150 (Tex. App.-Austin 1995, writ dism'd w.o.j.) (op. on
reh'g) (citing Dresser Indus., Inc. v. Snell, 847 S.W.2d 367, 373 (Tex. App.-El Paso 1993,
no writ)). Factors relevant to this determination include (1) potential conflicts of interest,
(2) the plaintiff's personal integrity, (3) the representative's familiarity with the litigation and
her belief in the grievance's legitimacy, (4) counsel's adequacy, (5) whether the class is
unmanageable, based on geographical limitations, and (6) whether the plaintiff can afford
to finance the class action. See Sun Coast Res., 967 S.W.2d at 538 (citing Forsyth, 903
S.W.2d at 150); Glassell, 956 S.W.2d at 682 (citing Weatherly, 905 S.W.2d at 651). 

 Following the class certification hearing, the trial court made the following relevant
findings:

 Mrs. Barrera's integrity is not challenged by any facts raised by Best Buy.

 

 The Court has considered the arguments raised by Best Buy
regarding Mrs. Barrera's involvement and qualifications relating to the
adequacy requirement, and finds those arguments insufficient to raise a
genuine challenge to Mrs. Barrera.


* * * * *


 As to the second requirement of the analysis, there must be no
significant conflicts of interest between the Class Representative and the
absent Class members. See Mullen v. Treasure Chest Casino, LLC, 186
F.3d 620, 625-26 (5th Cir. 1999, cert. denied); Jenkins v. Raymark Indus.,
Inc., 109 F.R.D. 269, 273 (E.D. Tex. 1985), aff'd, 782 F.2d 468 (5th Cir.
1986). Only a conflict that goes to the subject matter of the litigation will
defeat a party's representative status. Manning, 914 S.W.2d at 614; Health
& Tennis Corp. of American, 928 S.W.2d at 598. A sufficient alignment of
interests exists when "all class members are united in asserting a common
right, such as achieving the maximum possible recovery for the class." In re
Corrugated Container Antitrust Litig., 643 F.2d 195, 208 (5th Cir.), aff'd
following remand, 659 F.2d 1322 (5th Cir. 1981), cert. denied, 456 U.S. 998,
102 S.Ct. 2283, 73 L.Ed.2d 1294, and cert. denied, 456 U.S. 1012, 102 S.Ct.
2308, 73 L.Ed.2d 1309 (1982).


 The Court finds that the Class representative's interests are not
antagonistic to other Class members, but rather are aligned. The Court finds
that Mrs. Barrera has the same grievances and interests as the Class.

 In the first sub-issue of its sixth issue, Best Buy argues that the trial court erred in
finding that Barrera was an adequate class representative because she has distinguished
her individual claim from the claims of other members of the class. In support of this
argument, Best Buy relies solely on the following deposition testimony of Barrera:

 I don't believe that they had the right to charge me because - I can
understand if I had opened it and I had taken some parts off, or I had used
it, but they could very well tell that it had not been removed from the box.


Best Buy argues that this testimony demonstrates that Barrera believes that her "fellow
class members [who may have opened and used their radar detectors] are not as
deserving as she [because she neither opened nor used the radar detector]," and therefore
suggests that there is a conflict between Barrera's interests and the interests of the other
class members. We disagree.

 The adequacy of representation requirement "is fulfilled if the interests of the named
plaintiffs are aligned sufficiently with the interests of other members of the class." Johnson
v. United States, 208 F.R.D. 148, 169 (W.D. Tex. 2001) (citing Bywaters v. United States,
196 F.R.D. 458, 468 (E.D. Tex. 2000)). A sufficient alignment of interests is found to exist
"when all class members are united in asserting a common right, such as achieving the
maximum possible recovery for the class." Id. (quoting Shaw v. Toshiba Am. Info. Sys.,
Inc., 91 F. Supp. 2d 942, 955 (E.D. Tex. 2000)). 

 While Barrera testified during her deposition that she, herself, had not opened the
radar detector box, she also testified that even if she had, such a situation would not be
different from her own. Specifically, Barrera testified as follows:

 Q: If you had opened the box yourself, would things be different?

 

 A: I don't think so because I still don't - you know, I decide I don't want
it, and I don't want it. And why should it be different? Now, if I broke
it, you know, or if I lost a part, I could understand, but not if the whole
thing is right there, you know.


In addition, she testified that even if an individual had opened the product himself, she did
not think that it was fair for Best Buy to charge the individual the fifteen-percent restocking
fee upon its return. Furthermore, although Barrera testified that a hypothetical situation
where someone bought a product with the intent to use it and return it would be different
from the situation giving rise to her claim for money had and received, she nevertheless
testified it was not fair for Best Buy to charge such an individual the fifteen-percent
restocking fee. 

 Thus, while Barrera may have distinguished the facts giving rise to her claim for
money had and received from hypothetical facts giving rise to the same claim by other
class members, she maintained she did not believe it was right for Best Buy to charge a
fifteen-percent restocking fee to someone who opened or used a product that was later
returned; this testimony demonstrates Barrera's belief in the legitimacy of the class
grievance. See Sun Coast Res., 967 S.W.2d at 538 (citing Forsyth, 903 S.W.2d at 150)
(setting out factors relevant to the determination of adequacy of representation). Moreover,
it demonstrates that Barrera's interest in the litigation mirrors, rather than conflicts with, the
interests of the other class members. Because all class members, including Barrera, are
united in asserting a claim for money had and received based on Best Buy's fifteen-percent
restocking fee, a sufficient alignment of interests exists and the adequacy of representation
requirement is fulfilled. See Johnson, 208 F.R.D. at 169.

 Accordingly, we conclude that the trial court did not abuse its discretion in finding
that Barrera's "interests are not antagonistic to other Class members, but rather are
aligned." We overrule the first sub-issue of Best Buy's sixth issue. 

 In the second sub-issue of its sixth issue, Best Buy argues that the trial court erred
in finding that Barrera is an adequate representative because Barrera's testimony affects
her credibility regarding whether the radar detector box was open or closed when she
returned it and provides Best Buy with a defense unique to Barrera - that she is not a
member of the class because her radar detector box may not have been opened when she
returned it. We disagree.

 Although Best Buy raised these arguments in the trial court below, the trial court
found that (1) Barrera's "integrity is not challenged by any facts raised by Best Buy," (2)
Best Buy's arguments relating to the qualifications of Barrera as an adequate class
representative are insufficient to raise a genuine challenge to Barrera, and (3) Barrera is
an adequate class representative. Thus, because the trial court was in the best position
to weigh Barrera's credibility, and because we must give the trial court's assessment of her
credibility the benefit of the doubt, we cannot conclude that the trial court abused its
discretion in finding that Barrera was an adequate class representative. See Stromboe,
102 S.W.3d at 691; see also Farmers Ins. Exch. v. Leonard, 125 S.W.3d 55, 68 (Tex.
App.-Austin 2003, pet. denied). We overrule the second sub-issue of Best Buy's sixth
issue. Thus, Best Buy's sixth issue is overruled.

 The judgment of the trial court is affirmed.

 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this

the 30th day of November, 2006.
1. Rule 42 of the Texas Rules of Civil Procedure was patterned after the federal rule on class actions;
therefore, "federal decisions and authorities interpreting federal class action requirements are persuasive in
Texas actions." Ford Motor Co. v. Sheldon, 22 S.W.3d 444, 452 (Tex. 2000). 
2. Best Buy also asserts that the commonality requirement is not met because Barrera cannot answer
relevant questions on behalf of her class. However, we do not consider this inquiry appropriate to the issue
of commonality, but to Barrera's adequacy as class representative, which is addressed infra, Part H. 
3. We note that Best Buy limits its challenge to the second element of the adequacy of representation
requirement.