**BEST BUY CO., and Best Buy Stores, L.P., Petitioners,**

v.

**Velma V. BARRERA, Individually and on Behalf of Others Similarly Situated, Respondent.**

No. 07–0028.

Supreme Court of Texas.

Nov. 30, 2007.

---

Anne M. Lockner, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, MN, Ben A. Donnell, Clay E. Coalson, Donnell, Abernethy & Kieschnick, Corpus Christi, TX, for Petitioners.

Austin P. Tighe Jr., Vic Feazell, James Francis Twombly, Feazell & Tighe, L.L.P., Austin, Jerry Guerra, Law Offices of Jerry Guerra, Luis A. Elizondo, David Aaron Huerta, The Huerta Law Firm, Alberto R. Huerta, Huerta & Hastings, Corpus Christi, TX, Paul M. Weiss, Tod A. Lewis, William M. Sweetman, Freed & Weiss, LLC, Chicago, L. Thomas Lakin, Bradley M. Lakin, Richard J. Burke, Jeffrey A.J. Millar, The Lakin Law Firm, P.C., Wood River, IL, for Respondent.

PER CURIAM.

Consumers brought this class-action suit for "money had and received" to recover a restocking fee that was deducted from refunds made on certain returned merchandise.[1] The trial court certified a statewide class, and the court of appeals affirmed. 214 S.W.3d 66, 71. We conclude that individualized inquiry will predominate over common issues of proof, making the claim inappropriate for class certification. Accordingly, we decertify the class and remand the case to the trial court for proceedings consistent with this opinion.

On January 23, 2003, Velma Barrera purchased a radar detector from Best Buy for $199.99 plus tax. Barrera was given a receipt for the purchase which contained a statement notifying her that "[a] 15% restocking fee will be charged on returns or

---

1. A claim for "money had and received" is equitable in nature. *Stonebridge Life Ins. Co. v. Pitts,* 236 S.W.3d 201 (Tex.2007). In certain contexts, some equitable claims or defenses may be supplanted if an adequate legal remedy exists. *Id.* (citing *BMG Direct Mktg., Inc. v. Peake,* 178 S.W.3d 763, 770 (Tex.2005) ("Like other equitable claims and defenses, an adequate legal remedy may render equitable claims of unjust enrichment and equitable defenses of voluntary-payment unavailable.")). In this case, the trial court certified a "money-had-and-received" class, and we will presume without deciding the availability of such a claim in the context presented.

exchanges of any opened: notebook computer, camcorder, digital camera or radar detector, unless defective." The same notice was posted in the store. Two days after her purchase, Barrera returned the detector. Best Buy accepted the return and issued Barrera a receipt, which she signed. The return receipt reflected the restocking charge and bore the same restocking-fee notice that appeared on her original purchase receipt. The receipt also stated that Barrera had "read and agreed to all return and refund policies printed on the back of this receipt and posted in the store," although Barrera denied reading the receipt. Best Buy subsequently refunded Barrera the purchase price less a $30 restocking fee.

Barrera brought this class-action suit against Best Buy Co., Inc. and Best Buy Stores, L.P. (collectively "Best Buy") alleging a cause of action for "money had and received/unjust enrichment" and seeking return of the restocking fee. *See id.* After a hearing, the trial court certified the following class: "All Texas residents who were charged a 15% Restocking Fee when they returned or exchanged an opened notebook computer, camcorder, digital camera or radar detector." The court of appeals affirmed the trial court's certification order. *Id.* Barrera here disavows an unjust-enrichment theory of recovery and relies solely upon her claim for "money had and received" to support class certification. Best Buy contends resolution of an equitable claim for "money had and received" will inevitably turn on individual issues that will predominate at trial, and therefore, under Texas Rule of Civil Procedure 42(b)(3), class certification is inappropriate. Barrera responds that common issues will predominate because the 15% restocking

fee is a uniform, automatic, mandatory fee that was charged in the exact same way to each member of the class, regardless of his or her individual circumstances. According to Barrera, class certification is appropriate because the only issue to be decided is whether the 15% restocking fee "in equity and good conscience" belongs to the class members, and Best Buy's liability will turn exclusively on the answer to that question. Following our reasoning in *Stonebridge Life Insurance Co. v. Pitts*, 236 S.W.3d 201 (Tex.2007), we agree with Best Buy.

■■■ A claim for "money had and received" is equitable in nature. *Stonebridge*, 236 S.W.3d at 203 n. 1. In defending against such a claim, a defendant may present any facts and raise any defenses that would deny the claimant's right or show that the claimant should not recover. *Id.* at 205. "Equitable defenses raise important substantive issues that may have a significant effect on class-action litigation." *Id.* at 206; *see BMG Direct Mktg.*, 178 S.W.3d at 777. In order to determine which individuals should recover the restocking fee, then, Best Buy is entitled to present "facts or defenses that tend to show the [restocking fee] 'in equity and good conscience' belong[s] to the company under the particular circumstances of each case."[2] *See Stonebridge*, 236 S.W.3d at 207.

In *Stonebridge*, which also involved certification of a "money-had-and-received" class, we examined the evidence that would be relevant to determining "equity and good conscience" in the context of a uniform, allegedly misleading, telemarketing scheme. *Id.* at 207. Factors relevant

---

**2.** As we noted in *Stonebridge*, "[a]t least one court has concluded that equitable claims for 'money had and received' are uncertifiable for this very reason." 236 S.W.3d at 207 (citing

*Funliner of Ala., L.L. C. v. Pickard*, 873 So.2d 198, 211 (Ala.2003); *Smart Prof. Photocopy Corp. v. Childers–Sims*, 850 So.2d 1245, 1250 (Ala.2002)).

to that assessment, we said, included individual class members' knowledge that they were being charged, their desire for the product irrespective of how the charge was made, and whether individual class members knowingly consented to the charge. *Id.* at 206. We held that the defendant was entitled to inquire into individual class members' knowledge and understanding about the disputed charge in order to demonstrate in whose favor the equities weighed. *Id.* at 206. Because the class representatives failed to prove at the outset that individual issues could be considered in a fair, manageable, and time-efficient manner on a class-wide basis, we held that the predominance requirement had not been met. *Id.* at 205.

Like the defendant in *Stonebridge,* Best Buy seeks an individualized inquiry into each class member's actual knowledge regarding the restocking fee. Specifically, Best Buy claims the notice of the restocking charge that appeared on customer receipts and the posting of signs announcing the restocking policy demonstrate that at least some class members were aware of the restocking policy and voluntarily agreed to it. Best Buy also asserts that, inevitably, some customers purchase merchandise with the intention of returning it after use, presenting an equitable "unclean hands" defense with respect to some class members. As in *Stonebridge,* equitable defenses like these demonstrate that "the vast majority of the litigation could be spent trying to determine which individuals should recover their [restocking fees] under the equities presented and which should not." *See id.* at 206.

Barrera asserts that Best Buy waived these individualized defenses by failing to affirmatively plead them. But even if Best Buy failed to adequately plead actual knowledge or unclean hands as Barrera contends and Best Buy disputes, such issues in a claim for "money had and received" are not matters of avoidance but relate to the equities necessary to determine liability in the first instance. To recover, the class members must demonstrate that the restocking fee "in equity, justice and law" belongs to them. *Staats v. Miller,* 150 Tex. 581, 243 S.W.2d 686, 687 (1951). And Best Buy "may present any facts and raise any defenses that would deny the claimant's right or show that in equity and good conscience the claimant should not recover." *Stonebridge,* 236 S.W.3d at 205. Because "equity and good conscience" govern resolution of the class claims, the individualized inquiry Best Buy seeks relates directly to Barrera's case-in-chief and does not present an independent affirmative defense as this Court has traditionally defined that term. *See Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 546 (Tex.1991).

We recognize that the claim Barrera asserts involves issues that are common to the class; presumably, the restocking fee was uniformly calculated and applied when consumers returned the specified items. But just as in *Stonebridge,* there are "inescapably individual differences between each class member's experience ... that could determine in whose favor the equities weigh in resolving their claims." 236 S.W.3d at 206 (citing *Sw. Ref. Co. v. Bernal,* 22 S.W.3d 425, 435–36 (Tex.2000)). We conclude that Barrera failed to prove at the outset that individual issues governing a class claim for "money had and received" can be considered in a fair, manageable, and time-efficient manner on a class-wide basis, and thus failed to satisfy Rule 42(b)(3)'s predominance requirement.

Accordingly, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment and remand

the case to the trial court for further proceedings consistent with this opinion.