# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00800-CV

---

**Ebonee Thrower, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NO. C-1-CV-16-004486, THE HONORABLE TODD T. WONG, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The trial court granted summary judgment in favor of the State of Texas on its claim for money had and received against Ebonee Thrower. We will modify the trial court's summary judgment and affirm the judgment as modified.

## BACKGROUND

The Higher Education Coordinating Board (the Board) disbursed the proceeds of two Texas B-On-Time student loans to Dallas Baptist University (the University), and the University applied the loan proceeds to Thrower's account. The total outstanding amount of the loans was $13,436.09. The University applied $4,590.74 to Thrower's tuition or other expenses and disbursed $8,872.86 to Thrower as a "Refund to Student." Thrower sent six checks as payment on the loans, but they were each returned unpaid by Thrower's bank. When Thrower did not further attempt to repay the loans, the State sued her for breach of contract to recover on

the promissory note. After the State moved for summary judgment on its claim, Thrower sought and was granted leave to amend her answer to assert that she never signed the loan applications. In response to Thrower's amendment, the State added a claim for money had and received and again moved for summary judgment on its newly added claim. The State supported its motion for summary judgment with an affidavit and documents from both the University and the Board showing that the loans were disbursed to the University and credited to Thrower's account. The State's evidence also included a deposition on written questions in which a University employee testified that proceeds shown as "Refund to Student" were disbursed to Thrower. In a verified denial and affidavit accompanying her response to the State's motion, Thrower stated that she never signed the loan applications nor received the benefit of the loans. The trial court granted summary judgment in favor of the State on the claim for money had and received.

## ANALYSIS

We review the trial court's summary-judgment ruling de novo. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 425 (Tex. App.—Austin 2009, no pet.) (citing *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 156-57 (Tex. 2004)). To prevail on its traditional motion for summary judgment, appellee had the burden of proving "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 425-46 (citing Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985)). In deciding whether a disputed fact issue exists to preclude summary judgment, we treat evidence favorable to the non-movant as true, and we must resolve every doubt and indulge all reasonable inferences in the non-movant's favor. *Id.* (citing *Nixon*, 690 S.W.2d at 548-49). When the order granting summary judgment does not specify the ground or

grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Id.* (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993)).

The trial court granted the State's motion for summary judgment based on the claim for money had and received. "An action for money had and received is equitable in nature and belongs conceptually to the doctrine of unjust enrichment." *Vista Med. Ctr. Hosp. v. Texas Mut. Ins.*, 416 S.W.3d 11, 17-18 (Tex. App.—Austin 2013, no pet.) (citing *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162 (Tex. 2007) (per curiam)); *see Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). "The doctrine of unjust enrichment applies the principles of restitution to disputes that are not governed by a contract between the parties." *Edwards*, 252 S.W.3d at 837. A "claim for money had and received seeks to restore money where equity and good conscience require restitution." *Id.*; *see Best Buy*, 248 S.W.3d at 162. The claim is not premised on wrongdoing, but seeks to determine to which party, in equity, justice, and law, the money belongs. *Edwards*, 252 S.W.3d at 837.

In support of summary judgment on its money had and received claim, the State provided documents from the University and the Board showing disbursements made to and received by the University and credited to Thrower's account. Several entries labeled "Refund to Student" account for $8,872.86 of the money at issue, and the remainder was credited against amounts Thrower owed to the University. In a deposition on written questions, a University employee testified that proceeds shown as "Refund to Student" were disbursed to Thrower. Thus, the State showed that the loan proceeds were either paid to Thrower or credited to her account for her benefit. Thrower does not dispute that she attended the University at the relevant times, and she explains in her brief that these items "may have been enough" to support

3

summary judgment in favor of the State were it not for her affidavit. Thrower alleges that her affidavit creates a fact issue that precludes summary judgment because it states that she did not sign the loan applications and that she did not "personally receive" the money or "receive the benefit of" the money disbursed to the University. Recovering on an action for money had and received does not require Thrower to have signed loan documents because it is a claim in equity, not contract. *See Edwards*, 252 S.W.3d at 837. However, we must determine whether Thrower's bare statements that she did not "personally receive" the money or benefit from it precludes summary judgment. The State argues that this portion of Thrower's affidavit is conclusory and possibly subjective, and therefore is not competent summary judgment evidence. We agree. To be competent summary judgment evidence, an affidavit must contain specific factual bases, admissible in evidence, upon which its conclusions are based. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see* Tex. R. Civ. P. 166a(f) (affidavits "shall set forth such facts as would be admissible in evidence"). "Affidavits containing unsubstantiated factual or legal conclusions or subjective beliefs that are not supported by evidence are not competent summary-judgment proof because they are not credible or susceptible to being readily controverted." *Sprayberry v. Siesta MHC Income Partners, L.P.*, No. 03-08-00649-CV, 2010 Tex. App. LEXIS 2517, at *12 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.) (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)). "Conclusory statements in affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted." *Lopez v. Bucholz*, No. 03-15-00034-CV, 2017 Tex. App. LEXIS 3071, at *9 (Tex. App.—Austin Apr. 7, 2017, no pet.) (mem. op.). In this instance, Thrower's unsupported and conclusory statements that she did not "personally receive" the money and that it did not benefit her do not raise a genuine issue of material fact.

4

Thrower further asserts that summary judgment was nonetheless inappropriate because the State's claim for breach of contract based on the same facts should have remained pending. However, the State pleaded money had and received as an alternative to breach of contract in response to Thrower's assertion that she had not signed the contract, and both parties agree that (1) the State could not recover for both claims, and (2) the State's motion for summary judgment rested exclusively on its claim for money had and received. Rather than leaving a claim pending, the State pursued its alternate theory through summary judgment.

In an action for money had and received, the State could only recover for the amounts that were disbursed to Thrower's account, which amounted to $13,436.09. The trial court's judgment awarded the State $13,875.78, plus prejudgment interest based on that amount, late charges, post-judgment interest at the rate of five percent per annum, and $10,000 for attorney's fees. The $13,875.78 included $416.40 and $23.29 in late fees. The State concedes that it could not recover for late fees and origination fees, and the State further agreed to waive its right to prejudgment interest to avoid a remand. Accordingly, we conclude that the judgment should be modified to exclude the amounts for origination fees, late fees, and prejudgment interest.

**CONCLUSION**

We modify the judgment to allow the State to recover $13,436.09 on its claim for money had and received plus post-judgment interest at the rate of five percent per annum and $10,000 for attorney's fees. As modified, the judgment is affirmed.

5

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Modified and, as Modified, Affirmed

Filed:   December 31, 2019